UNITED STATES of America,
Plaintiff-Appellee,

v.

Ruben GALVAN-SALAZAR,
Defendant-Appellant.

No. 16-50112

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 19, 2017

Helen H. Hong, Daniel Earl Zipp, Assistant U.S. Attorneys, Office of the US Attorney, San Diego, CA, for Plaintiff-Appellee

Sarah Rose Weinman, Attorney, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Ruben Galvan-Salazar appeals from the district court's judgment and challenges the 30-month custodial sentence and 3-year term of supervised release imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Galvan-Salazar contends that the district court procedurally erred by failing to provide a reasoned basis for exercising its discretion under *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to reject U.S.S.G. § 5D1.1(c). His reliance on *Kimbrough* is misplaced. While section 5D1.1(c) states that a district court should not ordinarily impose a term of supervised release if the defendant is a deportable alien, it also provides that supervised release may be appropriate in such cases if it will provide an added measure of deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5. The district court's decision to impose supervised release on the basis of its finding that doing so would provide an added measure of deterrence in Galvan-Salazar's case was, therefore, consistent with the Guidelines.

Galvan-Salazar next contends that his sentence is substantively unreasonable because the district court failed to account for the mitigating factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Galvan-Salazar's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.